IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL L. AMES, #408348 | * |
| Plaintiff | * |
| v. | *   Civil Action No. JKB-16-191 |
| CPL. WARREN G. MALLOW, SGT. JANET M. PUFFENBARGER, WARDEN FRANK B. BISHOP, | * |
| | * |
| Defendants | * |

***

**MEMORANDUM OPINION**

This matter is before the court on self-represented plaintiff Michael L. Ames's motion for a temporary restraining order or preliminary injunctive relief and declaration (ECF 4), which was filed concurrently with his complaint. (ECF 1). On February 19, 2016, the court directed defendants to answer the complaint. Defendants' response is due on May 13, 2016.

In this motion, Ames, an inmate at North Branch Correctional Institution (NBCI), seeks transfer to a correctional facility in a different region because he is unable to obtain adequate medical and mental health care. Ames alleges he was assaulted and injured by Corporal Mallow on October 27, 2015, when Mallow intentionally slammed the cell door slot on his hand. Ames claims he sustained bleeding, abrasions, cuts, swelling, and unbearable hand and wrist pain as a result. Mallow then allegedly denied Ames access to medical care for his injuries. (ECF 4-1 at 1).

Further, Ames claims that on October 28, 2015, Mallow solicited another inmate to "liquid assault" him with feces and urine. *Id*; *see also* ECF 1 at 2. Ames claims Mallow used "mace" against him the same day and afterwards refused him a decontamination shower. Ames

was issued an institutional rule violation and denied his afternoon meal later that day.

Ames also claims he is subjected to a campaign of verbal retaliation and harassment that includes an inconvenient assignment to a new cell to prevent him from obtaining legal help (presumably from a fellow inmate), issuance of prison rule violations, and placement in segregation housing. Ames claims he is receiving inadequate medical and mental health care at NBCI, and he seeks preliminary injunctive relief or a temporary restraining order requiring his transfer to a correctional facility.

"While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held." *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999).[1]  Generally, the standards for the motions are the same. *See Sall v. Bounassissi*, No. DKC-10-2245, 2010 WL5139032, at *1 (D. Md. Dec. 10, 2010). Both injunctions are extraordinary and drastic remedies. *Id*; *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011); *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). For relief, a movant must demonstrate 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam).

---

[1] Under Federal Rule of Civil Procedure 65, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Second, "the moving party's attorney, or the movant himself, in the case of a pro se party, must 'certif[y] in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Even if Ames were deemed to satisfy these procedural requirements, the motion fails to satisfy the legal standards under *Winter* that are discussed herein.

"[A]ll four requirements must be satisfied." *Real Truth About Obama, Inc.*, 575 F.3d at 346 (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. at 20).

A plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Grp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted). In the prison context, courts should grant preliminary injunctive relief involving the management of correctional institutions only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).

Ames's claims of prospective harm fail to satisfy the *Winter* standard. At this stage of the proceeding, Ames does not show that he is likely to succeed on the merits or that the balance of equity tips in his favor. As indicated, defendants have yet to file a response. Further, Ames fails to show that his transfer to another correctional facility will serve the public interest. His general and conclusional assertions fail to demonstrate he faces prospective imminent and irreparable harm unless he is transferred to a different facility.

Accordingly, the motion for a temporary restraining order or preliminary injunctive relief will be denied by separate order to follow. Ames shall also be sent a copy of the docket sheet in this case. This matter shall proceed for a response on the complaint.


April 18, 2016                                               /s/
Date                                                     James K. Bredar
                                                   United States District Judge